# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHARLES EVANS,** : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Criminal Action No. 5:02-cr-9 (HL) |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Respondent. : | |
| _____ | |

## ORDER ON REPORT AND RECOMMENDATION

The Recommendation of the United States Magistrate Judge (Doc. # 44) filed July 6, 2005, has been read and considered and is rejected. Both the objections to the Recommendation filed by the Government (Doc. # 45), and those filed by the petitioner, Charles Evans ("Evans") (Doc. # 46), have been thoroughly read and considered. The Order of the Court is that Evans' 28 U.S.C.A. § 2255 petition (Doc. # 38) shall be denied.

**I.    FACTS AND PROCEDURAL HISTORY**

    **A.    Indictment**

Evans was indicted in this court on April 3, 2002, and charged with two counts: (1) on or about January 24, 2002, unlawfully, knowingly, and intentionally distributing more than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2, and (2) on or about January 25, 2002, unlawfully, knowingly, and intentionally attempting to distribute cocaine in violation of 21 U.S.C. § 846, i/c/w 21 U.S.C. § 841(a)(1).

(Doc. # 10.)  Evans originally entered not guilty pleas on both Counts.

**B.     Change of Plea**

On July 12, 2002, Evans entered into a Plea Agreement with the Government (Doc. # 16) and pleaded guilty to Count Two.  In Paragraph (3)(A) of his Plea Agreement, Evans stipulated:

> The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Two (2) of the indictment which charges defendant with attempting to possess with the intent to distribute cocaine, in violation of Title 21 United States Code § 841(a)(1) and Title 18 United States Code § 2.[1]

(Id. at 2.)

Furthermore, at Evans' Change of Plea Hearing on July 12, 2002, the Court recited what was charged in Count Two of the Indictment and asked Evans if he understood the charge. (Doc. # 35 at 2.)  Evans responded that he did.  (Id.)  Evans also answered affirmatively when asked by the Court whether he did, in fact, commit the offense charged in Count Two.  (Id. at 8.)  The Assistant United States Attorney prosecuting the case, at the request of the Court, then read into the record the stipulation of fact contained in the plea agreement:

> On or about June 25, 2002[2], a confidential informant contacted Mr. Evans and

---

[1] Although not argued at trial, on appeal, or in Evans' pending motion, the Court notes that this paragraph of the plea agreement cites an incorrect Code section.  The two Code sections cited, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, should actually be 21 U.S.C. § 846, i/c/w/ 21 U.S.C. § 841(a)(1). However, this miscitation of a Code section is irrelevant.  The indictment cited the proper Code sections, the verbal description of the violation included in the plea agreement was correct, and there is no evidence this typographical error prejudiced Evans in any way.

[2] The Court again notes an apparent clerical error that appears in the stipulation of fact. Although not argued at trial, on appeal, or in Evans' pending motion, the Court notes that in the plea agreement, Evans pleaded guilty to an offense that occurred on "June" rather than "January" 25th.  Like the clerical error with the Code section discussed earlier, the indictment cited the proper date, and there is no evidence this typographical error prejudiced Evans in any way.  For the purpose of this Order, the

> arranged for the purchase of two ounces of powder cocaine from Mr. Evans. Subsequently, Mr. Evans met the informant at the Church's Chicken in Macon, Georgia. Mr. Evans instructed the informant to follow him to Ogburn Place, Ogburn Street.[3] While at that location the informant purchased what purported to be two ounces of powder cocaine for one thousand eight hundred fifty dollars. The cocaine turned out to be chalk as opposed to powder cocaine. It is further stipulated that defendant's sentence should be limited to two ounces of powder cocaine.

(Id. at 8, 9.)

The Court then asked Evans, "Is that statement true and accurate?; Do you agree with it?; Does it accurately describe your conduct in this case?" (Id. at 9.) Evans answered "Yes, sir." to each question. (Id.) The Court concluded the hearing with the announcement: "All right, I find that there is a factual basis for the plea, that Mr. Evans is, in fact, guilty and that the plea will be freely and voluntarily entered." (Id. at 12.)

### C.    Sentencing

Evans' sentencing took place on October 24, 2002. There, the Court heard three objections from Evans regarding the Presentence Report ("PSR") prepared by the United States Probation Office: (1) Evans objected to language in the PSR that contended he had failed to

---

Court will refer to Evans' crime as having occurred on January 25, 2002.

[3] A third recurring variation occurs when parties discuss where Evans took the confidential informant to sell him the purported cocaine. In the plea agreement, Evans signed a statement that he took the informant to "Arlington Street." (Doc. # 16 at 8.) However, when the Assistant United States Attorney read the statement of stipulated fact before the Court at the Change of Plea Hearing, he said Evans instructed the informant to follow him to "Ogburn Place, Ogburn Street." (Doc. # 35 at 8.) Again, no party in this case has contended that this divergence in address prejudiced Evans in any way—the issue before the Court is not where the transaction took place but what actually occurred there. Nevertheless, the Court finds these repeated minor errors and/or discrepancies troubling and encourages counsel on both sides to be more meticulous with details in the future.

3

appear in court on a prior state conviction (Doc. # 36 at 2-4); (2) Evans objected to being classified as a career offender (id. at 4-9); and (3) Evans objected to the PSR's failure to give him a three point decrease for attempt (id. at 9-11). As Evans' attorney summarized, the latter two objections were rooted in the assertion that although Evans "pled guilty to attempting to possess with intent to distribute cocaine . . . it's really a fraud base [sic] count . . . . [h]is intention he would claim was to defraud the confidential informant." (Id. at 7.) Put simply, "[Evans] contends it was his intention to deceive the confidential informant by attempting to sell a substance purported to be cocaine which was, in fact, chalk." (Id. at 10.) At no point during this proceeding, however, did Evans make a motion to withdraw his guilty plea.[4]

The Government disagreed with Evans' objections, arguing that Evans' actions and the circumstances of the case, as well as Evans' plea and stipulation of fact, made it clear he exhibited the necessary intent and acts to be charged with and convicted of attempting to distribute cocaine. (Id. at 8-9.) The Court overruled the objections and sentenced Evans to 110 months confinement and five years supervised release. (Id. at 15.)

### D.     Post-Judgment

Evans filed a notice of appeal with the Eleventh Circuit Court of Appeals on November 6, 2002. Evans' appeal raised a single issue—he asserted his conviction was not based on a controlled substance offense within the meaning of U.S.S.G. § 4B1.1(a)(2), and as a result, he

---

[4] The Court recognizes that Federal Rule of Criminal Procedure 11 allows a defendant to withdraw "a plea of guilty . . . after the court accepts the plea but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Nevertheless, Evans never made such a motion, nor was such a reason shown.

argued he should not have been sentenced as a career offender. The appellate court affirmed the district court's decision on June 14, 2004. (Doc. # 37.) Subsequently, on February 9, 2005, Evans filed a timely motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 38.) On July 6, 2005, the United States Magistrate Judge issued a Report and Recommendation (Doc. # 44) finding ineffective assistance of counsel and recommending the district court grant Evans' motion.

## II.  EVANS' § 2255 CLAIMS

Evans raised seven claims in his Memorandum of Law in Support of his § 2255 Motion:

(1) "Petitioner's Conviction And Sentence As To Count-2 Of The Indictment Must Be Vacated, Because Judge Lawson Constructively Amended The Charge Offense During Change of Plea Hearing From 'Cocaine' to 'Chalk'";

(2) "Petitioner's Conviction And Sentence As To Count-2 Must Be Vacated, Because 21 U.S.C. Sections 841 (a)(1) and 846 Are Unconstitutionally 'Void-For-Vagueness' Fed. R. Crim. Proc.";

(3) "Petitioner's Conviction and Sentence As To Count-Two of the Indictment Must Be Vacated, Because It Is Jurisdictionally Defective (i.e., It Failed To Charge A Federal Offense.)";

(4) "Petitioner's Conviction And Sentence As to Count-2 of the Indictment Must Be Vacated With Prejudice, Because the Alleged Substance 'Chalk' Involved In This Case Is not A Controlled Substance Under the Federal Drug Laws";

(5) "The Trial Court Accepted Petitioner's Guilty Plea In Violation of Rule 11 (c)(1) and (f) Fed. R. Crim. Proc.";[5]

---

[5] The Court observes that, despite the United States Magistrate Judge's assertion that "Petitioner appears to omit a Ground Five and moves to Ground Six" (Doc. # 44 at 4), Evans did not omit his Ground Five. In fact, Evans spent five pages of his § 2255 Motion arguing this point (Doc. # 38, Memo. Law Supp. Petr.'s § 2255 Mtn. at 23-27), and the Government spent two pages of its Answer responding to it (Doc. # 42 at 19-20). The Court has thoroughly considered the arguments advanced in both documents.

(6)  "Petitioner Is Actual and Factual Innocent of Aiding and Abetting To Have Unlawfully, Knowingly, and Intentionally Attempt to Distribute A Schedule II Controlled Substance, To Wit: 'Cocaine' As Charged in Count-Two of The Indictment"; and

(7)  "Petitioner Was Constructively Denied Effective Assistance of Counsel At His Change of Plea Hearing, Sentencing, And on Direct Appeal, As Guaranteed By The Sixth Amendment U.S. Const."

## III.  ANALYSIS[6]

### A.  Claims Cognizable in § 2255 Proceedings

The Court's threshold inquiry is whether the claimed errors are cognizable in a § 2255 proceeding. Lynn v. United States, 365 F.3d 1225, 1233 (11th Cir. 2004), *cert. denied*, 543 U.S. 891 (2004). "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (quotation and citation omitted)). Liberally construed, all of Evans' claims allege transgressions of constitutional rights, at least on their face. Six of the claims – Counts One, Two, Three, Four, Five and Six – implicate alleged violations of a defendant's Fifth Amendment right to due

---

[6] As a preliminary matter, the Court notes that the Eleventh Circuit has prescribed an analytical framework for the evaluation of § 2255 claims: first, a court should expressly address the threshold issue of whether a claimed error is even cognizable under a § 2255 proceeding; second, a court should determine whether the procedural default rule bars a petitioner from raising his claims, and then whether the exceptions of cause and prejudice or actual innocence will allow a petitioner to avoid a procedural bar; third, only after engaging in the two former steps may a court address the merits of a petitioner's § 2255 motion. See Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004), *cert. denied*, 543 U.S. 891 (2004). The Court further notes that the United States Magistrate Judge's approach to evaluating Evans' § 2255 claim did not comport with this analytical framework. Nevertheless, the Court will conduct its review in light of the proper analytical framework.

process. Count Seven, if found to be true, would constitute a violation of the Sixth Amendment. As such, all seven claims are cognizable in a § 2255 proceeding.

### B.     Procedural Default

#### 1.     Rule

Even assuming all seven issues are cognizable, Evans must next satisfy the procedural default rule.  Under this rule, a petitioner generally must advance an available challenge to his criminal conviction or sentence on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding.  Lynn, 365 F.3d at 1232, 1234; United States v. Frady, 456 U.S. 152, 166 (1982); Jones v. United States, 153 F.3d 1305, 1307 (11th Cir. 1998).  "This rule generally applies to all claims, including constitutional claims."  Lynn, 365 F.3d at 1234. It exists because it is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal.  Bousley v. United States, 523 U.S. 614, 621 (1998).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  Id. at 622 (internal citations and quotations omitted).  To show "cause" for not raising his claim in an earlier proceeding, a defendant must show "some external impediment preventing counsel from constructing or raising the claim" or that the performance of petitioner's attorney failed to meet the Strickland standard for effective assistance of counsel.  Murray v. Carrier, 477 U.S. 478, 488 (1986); Lynn, 365 F.3d at 1235.  Under the prejudice prong, a defendant must show that "errors at trial

7

actually and substantially disadvantaged his defense so that he was denied fundamental fairness."  See Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotation omitted).  Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Bousley, 523 U.S. at 623 (quotation omitted).  To establish this, the petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted petitioner. Id ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.").  This proof requires clear and convincing evidence.  Reece v. United States, 119 F.3d 1462, 1465 n.5 (11th Cir. 1997).

### 2. Evans' First Six Claims

#### a. Procedural Default

The first six claims raised by Evans clearly involve issues that were available and could have been raised on direct appeal.  However, in his appeal, Evans raised only one claim: that his conviction was not based on a controlled substance offense within the meaning of U.S.S.G. § 4B1.1(a)(2) and as a result, he should not have been sentenced as a career offender. His direct appeal did not include the claims raised in his § 2255 motion that the indictment had been constructively amended, was void-for-vagueness, failed to charge a federal crime, alleged no controlled substance offense, nor did he raise a Rule 11 violation or actual and factual innocence.  Furthermore, Evans knowingly and voluntarily waived his right to appeal his sentence and conviction on any grounds except ineffective assistance of counsel and/or

improper increase by the judge under the federal sentencing guidelines.[7] Therefore, Evans has procedurally defaulted these claims on direct review and can only raise them in habeas if he can demonstrate either cause for not raising the issue on direct appeal and actual prejudice from the alleged error or if he can establish actual innocence.

### b. Cause and Prejudice

Evans has not shown any objective factors external to his defense which prevented him from raising his first six claims on direct appeal. Therefore, he cannot show "cause" in this fashion. Rather, Evans appears to have chosen the second option and brought an independent Sixth Amendment claim of ineffective assistance of counsel. Nonetheless, an independent review of the record, more fully examined in the next section, has failed to reveal any ineffective assistance of counsel. Having failed to meet the "cause" prong, the Court need not examine whether Evans can show prejudice.

### c. Actual Innocence

Nor can Evans establish actual innocence. As stated numerous times, Evans was charged with and pleaded guilty to unlawfully, knowingly, and intentionally attempting to distribute cocaine in violation of 21 U.S.C. § 846, i/c/w 21 U.S.C. § 841(a)(1). The Eleventh Circuit set forth the elements of an "attempt" crime in United States v. McDowell, 705 F.2d 426 (11th Cir. 1983):

---

[7] This waiver, made in exchange for the plea bargain Evans was offered, was reflected in Evans' plea bargain (Doc. # 18 at 2) and at the change of plea hearing colloquy between Evans and the Court (Doc. # 35 at 11).

> First, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting . . . . Second, the defendant must have engaged in conduct which constitutes a substantial step toward commission of the crime. A substantial step must be conduct strongly corroborative of the firmness of the defendant's criminal intent.

McDowell, 705 F.2d at 427-28 (quoting United States v. Mandujano, 499 F.2d 370, 376 (5th Cir. 1974)) (citations omitted).

The type of conduct that constitutes a "substantial step" was further explained in United States v. Oviedo, 525 F.2d 881 (5th Cir. 1976)[8]:

> In order for a defendant to be guilty of criminal attempt, the objective acts performed, without any reliance on the accompanying mens rea, mark the defendant's conduct as criminal in nature. The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law . . . . The objective acts must not be equivocal in nature.

Oviedo, 525 F.2d at 885-86.

Therefore, a defendant's actions must be unequivocal in nature to avoid convicting a person of an attempt improperly. This inquiry is necessarily fact-specific, and numerous cases within the Eleventh Circuit have examined whether the objective acts of sellers and buyers in transactions of purported drugs, which later turned out to be uncontrolled substances, satisfy this standard. See Mandujano, 499 F.2d 370; Oviedo, 525 F.2d 881; United States v. Carothers, 121 F.3d 659 (11th Cir. 1997); United States v. Williams, 260 F. Supp. 2d 1368 (S.D. Ga. 2003).

---

[8] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down prior to October 1, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

In this case, Evans' objective acts[9] were sufficient to mark his conduct as criminal in nature. As set forth in the plea agreement and stipulation of fact, (1) on January 25, 2002, Evans was contacted by the confidential informant, (2) Evans agreed to sell the informant two ounces of cocaine, (3) for $1850.00, (4) the next day, Evans traveled to the Church's Chicken, (5) Evans then told the informant to travel with him to Arlington Place, (6) Evans then gave the informant what purported to be two ounces of powder cocaine. (Doc. # 45 at 10, 11-12.) Despite his assertions otherwise in this § 2255,[10] Evans has failed to demonstrate that faced with these uncontroverted facts, it is more likely than not that no reasonable juror would have convicted him. Evans appears to believe today that had he taken his case to trial in 2002,

---

[9] The Government makes extensive reference to facts included in the "offense conduct" section of the PSR prepared in anticipation of Evans' sentencing. (Doc. # 45 at 2-4.) To the extent the Government may believe it is proper for the Court to consider these alleged facts in its analysis of Evans' objective acts, it is mistaken. First, despite the Government's assertion that "Petitioner did not object to the offense conduct section of the PSR" (id. at 2), these alleged facts were never entered into the record before the Court. They were not contained in the plea bargain's statement of stipulated fact, nor did Evans ever endorse them in the Court's presence. Therefore, the Court cannot and has not considered these alleged facts. Second, even were the facts in the record, they would be irrelevant. Faced with a similar attempt by the Government, our sister court noted, "[i]t is illogical that a substantial step towards the commission of a crime can occur before the alleged crime even begins. In this case, the attempt is alleged to have begun on December 26, 1999. Thus, the drug transactions allegedly occurring before December 26, 1999 cannot provide the essential substantial-step element of the attempt." Williams, 260 F. Supp. 2d at 1377. The Court finds this reasoning persuasive. Similarly to the Williams case, here the indictment charges Evans with an attempt to possess with the intent to distribute on January 25, 2002 – any alleged prior actions cannot provide the substantial-step element of the attempt.

[10] Although Evans' attorney asserted at sentencing that Evans knew the substance he sold the confidential informant was chalk, and that he had only intended to defraud the informant, simply making this assertion alone does not make it true. Contrary to the United States Magistrate Judge's conclusion that it was never in dispute that Evans knew he was not in possession of chalk (Doc. # 44 at 8), this fact was in dispute. Not only did the Government consistently assert that Evans' actions and intent met the requirements for the controlled substance offense (Doc. # 36 at 9), but Evans himself voluntarily and knowingly pleaded guilty to attempting to distribute cocaine.

instead of accepting the plea bargain, he may have been acquitted on the charge in question. This may be true, but neither Evans nor the Court is permitted to indulge in conjecture about what one juror on such a hypothetical jury might have done. Rather, the Court must ascertain whether it is more likely than not that *no reasonable juror* would have convicted Evans of an attempt to distribute cocaine when faced with evidence of his objective acts. This is a heavy burden, and Evans has failed to persuade the Court on this point. Therefore, Evans has failed to prove his actual innocence, and the first six claims of his § 2255 motion shall be barred due to procedural default.

### 3. Ineffective Assistance of Counsel

The seventh ground of Evans' § 2255 motion asserts he was constructively denied effective assistance of counsel during (1) his change of plea hearing, (2) sentencing, and (3) on direct appeal. Evans failed to raise an ineffective assistance of counsel claim on direct appeal, but in 2003, the Supreme Court of the United States excepted such claims from the general procedural default rule. Massaro v. United States, 538 U.S. 500, 508-09 (2003) ("failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Therefore, Evans' claim must be evaluated under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail under Strickland, a petitioner must satisfy two requirements: he must show that (1) "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. Finally, the Court notes it must

give substantial deference to counsel's decisions, and that a petitioner must overcome a strong presumption that the challenged action "might be considered sound trial strategy." Id. at 689. For Evans to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000).

Considered in light of these standards, Evans has failed to establish that counsel's performance was constitutionally deficient and that he was prejudiced. Evans' misunderstanding of the law and second guessing of his counsel's strategy fail to offer any support for his allegations. Because Evans was properly charged, as examined earlier in this order, his counsel was not deficient in advising and permitting him to enter a guilty plea to the charge set out in Count Two, regardless of the substance transacted. In fact, it can more reasonably be said that defense counsel gave effective service to Evans by assisting him to enter into a plea agreement that led to the dismissal of the other charge he faced. Likewise, Evans' appellate counsel was not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984). The arguments which Evans asserts his appellate counsel should have raised on appeal are without substantial merit, and the Court will not retroactively displace counsel's judgment regarding such strategic decisions with its own. The Court concludes, therefore, that Evans' claim that he received ineffective assistance of counsel, and further that this alleged ineffective assistance excuses his failure to raise the aforementioned arguments on appeal, is without merit.

**C.     Merits**

Despite the Court's finding that Evans has procedurally defaulted on six of his habeas claims, and that the seventh must fail, the Court will nevertheless briefly address the merits of each claim.

### 1. Constructive Amendment

Evans asserts that the trial judge constructively amended his indictment by (1) informing him that the charge on which the plea is based was a counterfeit substance, i.e., chalk. (Doc. # 38, Petr.'s Memo. Law Supp. § 2255 Mtn. at 2) and (2) by allowing Evans' guilt to be based upon a finding that he attempted to distribute two ounces of chalk (id. at 3). "An amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990). Such modifications may occur either by the actions of the court or actions of the prosecutor. United States v. Salinas, 654 F.2d 319, 324 (5th Cir. Unit A Aug. 1981). In Evans' case, there was no expansion or modification of the indictment which formed the basis of his guilty plea. The indictment charged Evans with attempted distribution of cocaine, and the stipulation of fact in the plea bargain reflected such actions. Therefore, there was no constructive amendment of Evans' indictment by the trial judge, the prosecutor or by any other means.

### 2. Void-for-Vagueness Doctrine

Evans' second claim is that Title 21, United States Code §§ 841(a)(1) and 846 are void for vagueness. The Void-For-Vagueness Doctrine requires that a penal statute "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct

is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983).  Sections 846 and 841(a)(1) specifically and clearly make illegal attempts to distribute cocaine.  The Court is convinced ordinary people could understand what conduct, exactly, is prohibited by these statutes.  While the Court itself admitted during Evans' sentencing hearing to confusion about *why* such conduct is illegal,[11] the Court does not believe there was or is any doubt that Evans' conduct *is*, in fact, illegal.  Therefore, the statutes, as applied to the facts of Defendant's case, are not void-for-vagueness.

### 3.     Failure to Charge a Federal Crime

Evans' third claim asserts that since § 841(a)(1) does not contain the element of attempt, the Court lacked jurisdiction to accept his plea of attempting to distribute two ounces of cocaine.  This claim lacks merit.  There is no general federal attempt statute – rather, the combination of statutes, such as §§ 841(a)(1) and 846 here, create the attempt offense for a particular crime.  Therefore, there was no jurisdictional bar to the Court's acceptance of Evans' guilty plea.

### 4.     No Controlled Substance Offense

The fourth claim Evans raises is that he entered a guilty plea to a non-federal offense; specifically, Evans asserts that he only pleaded guilty to an attempt to distribute chalk

---

[11] While overruling Evans' objections to his PSR, the Court acknowledged: "I had a case one time in which a guy was convicted of selling collard greens to somebody for marijuana.  I had a hard time understanding why that was against the law. . . . I never really understand these code sections that make it a felony to sell fake or counterfeit drugs. . . . But nevertheless it is against the law." (Doc. # 36 at 8.)

rather than a controlled substance. Contrary to Evans' assertion, there is no question that he voluntarily and knowingly pleaded guilty to an offense covered by the controlled substance statutes, Titles 21 United States Code §§ 841(a)(1) and 846. As examined earlier, Evans possessed the mens rea required for this crime and took a substantial step toward its conclusion. Therefore, this claim lacks merit and must fail.

### 5.     Rule 11 Violation

Evans' fifth claim in his § 2255 Motion is that the district court accepted his guilty plea in violation of Rule 11(c)(1) and (f) of the Federal Rules of Criminal Procedure. Under Rule 11(c)(1), before accepting a guilty plea, the court must address the defendant personally in open court and inform the defendant of "the nature of the charge to which the plea is offered." Fed. R. Crim. P. 11(c)(1). In evaluating whether Rule 11(c)(1) was met, the Eleventh Circuit has held that "no simple or mechanical rule may be applied and that the level of inquiry required to satisfy Rule 11(c)(1) varies from case to case depending on the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000). Rule 11(f) provides, "Notwithstanding a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). Evaluating whether a district court complied with Rule 11(f), a court must determine "whether the [district] court was presented with evidence from which it could reasonably find that the defendant was guilty." United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir. 1990).

In this case, the Court is both satisfied that it informed Evans of the nature of the charge

to which his plea was offered and that the Court was presented with evidence from which it reasonably found Evans guilty. As already discussed at length, the record as a whole demonstrates that the Court informed Evans of the nature of the charges, despite his subsequent self-serving assertions to the contrary. Prior to accepting his plea, the Court read Evans the charge, confirmed with him that he had discussed the charge with his attorney and that he understood its nature, ordered the Government to recite the facts that formed the basis for the plea, and confirmed with Evans again that he understood and agreed with the facts recited by the Government.[12] Similarly, as discussed at length above, Evans pleaded guilty in open court to sufficient objective acts to find that he attempted to distribute a controlled substance, cocaine. The Court was presented with sufficient evidence from which it could reasonably find Evans guilty.[13] Therefore, both of Evans' Rule 11 claims must be rejected on their merits.[14]

---

[12] Contrary to Evans' assertion, the Court was not required to advise him that chalk was not a controlled substance – indeed, this fact was and is irrelevant. Evans' plea was not based on the distribution of a controlled substance, but on the attempt to do so. Chalk was merely the medium by which Evans' attempt violation was carried out—in fact, Evans need not even have necessarily exchanged the chalk to be found guilty of this offense, so long as he demonstrated the necessary mens rea and committed the requisite acts.

[13] Again, Evans may argue that in retrospect, had he gone to trial in this matter, he might have convinced a jury of his current version of the events in question—that he intentionally sold the confidential informant chalk in an attempt to fraudulently recover money he had lost in a card game the night before. Nevertheless, the Court is confident that the facts, as recited by Evans in his plea agreement, could have led a reasonable jury to believe that he had actually attempted to sell the informant cocaine, regardless of the fact that the substance in question was chalk.

[14] The United States Magistrate Judge, in his Report and Recommendation, appears to suggest that the Government should have charged Evans with distributing counterfeit drugs under § 841(a)(2), rather than with attempting to distribute drugs under § 846, i/c/w § 841(a)(1). (Doc. # 44 at 6, 13.) This belief is mistaken. Evans' conduct and intent, as explained at length in this Order, are consistent with a conviction for attempting to distribute drugs under § 841(a)(1). Likewise, Evans was properly charged under § 846, i/c/w § 841(a)(1), and his guilty plea was consistent with this charge. By contrast,

### 6. Actual and Factual Innocence

Evans next contends that he is actually and factually innocent of the charge contained in Count Two of the indictment. This assertion has been considered and dismissed in the preceding paragraphs and will not be repeated here.

### 7. Ineffective Assistance of Counsel

Finally, Evans contends that he received ineffective assistance of counsel. Again, this assertion has been considered and dismissed in the preceding paragraphs and will not be repeated here.

## IV. CONCLUSION

The Recommendation of the United States Magistrate Judge (Doc. # 44) is rejected; Evans' 28 U.S.C.A. § 2255 petition (Doc. # 38) shall be denied.

SO ORDERED, this the 18th day of January, 2006.

**s/ Hugh Lawson**
**HUGH LAWSON, JUDGE**

pdl

---

a plain reading of § 841(a)(2) leads the Court to believe this statute was designed to prosecute the unauthorized use of controlled substances found in commercial settings, not street deals. E.g., United States v. Sampson, 140 F.3d 585, 589 (4th Cir. 1998); United States v. Khoury, 901 F.2d 948, 965 (11th Cir. 1990) ("At a minimum, to prove a conspiracy to violate 21 U.S.C. § 841(a)(2) which incorporates the definition given above, the government must provide some evidence that the conspirators planned to place on the substance or its container a trademark, trade name, or other identifying mark of a manufacturer other than the persons actually manufacturing the substance."). Therefore, the Government had no basis to charge Evans with distribution of a counterfeit substance.