IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLES EVANS,** | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 5:05-cv-43 (HL) |
| | : | 28 U.S.C. § 2255 |
| VS. | : | |
| | : | CASE NO. 5:02-CR-009 (HL) |
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**O R D E R**

In an Order dated January 18, 2006, this Court denied Petitioner's Petition for Writ of Habeas Corpus (hereinafter "federal habeas petition") and the next day entered judgment in favor of Respondent (R. at 47, 48). Petitioner has now filed a Notice of Appeal and seeks a Certificate of Appealability (hereinafter "COA") on all seven claims contained in his federal habeas petition (R. at 49, 50).

The Court has given substantial consideration to the issues raised in Petitioner's Application for a COA and reaffirms without reservation its previous Order denying habeas corpus relief. (R. at 47). However, the Court does conclude that with regard to several issues raised by Petitioner, jurists of reason could disagree with the Court's resolution and that those issues deserve encouragement to proceed further. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1997). Accordingly, the COA is granted on the following claims:

CLAIM ONE: "Petitioner's Conviction And Sentence As To Count-2 Of The Indictment Must Be Vacated, Because Judge Lawson Constructively Amended The Charge Offense During Change of Plea Hearing From 'Cocaine' to 'Chalk'";

CLAIM THREE: "Petitioner's Conviction and Sentence As To Count-Two of the Indictment Must Be Vacated, Because It Is Jurisdictionally Defective (i.e., It Failed To Charge A Federal Offense.)";

CLAIM FOUR: "Petitioner's Conviction And Sentence As to Count-2 of the Indictment Must Be Vacated With Prejudice, Because the Alleged Substance 'Chalk' Involved In This Case Is not A Controlled Substance Under the Federal Drug Laws";

CLAIM FIVE: "The Trial Court Accepted Petitioner's Guilty Plea In Violation of Rule 11 (c)(1) and (f) Fed. R. Crim. Proc.";

CLAIM SIX: "Petitioner Is Actual and Factual Innocent of Aiding and Abetting To Have Unlawfully, Knowingly, and Intentionally Attempt to Distribute A Schedule II Controlled Substance, To Wit: 'Cocaine' As Charged in Count-Two of The Indictment"

CLAIM SEVEN: "Petitioner Was Constructively Denied Effective Assistance of Counsel At His Change of Plea Hearing, Sentencing, And on Direct Appeal, As Guaranteed By The Sixth Amendment U.S. Const."

Although Petitioner has not convinced the Court that he is entitled to habeas corpus relief, he has carried his burden of showing that he is entitled to a COA on the claims shown above.

As to claim two in Petitioner's federal habeas petition, the Court concludes that Petitioner has failed to show that reasonable jurists would find this Court's ruling on that issue debatable or that the issue deserves encouragement to proceed further. Therefore, no COA is granted as to Petitioner's claim two.

**SO ORDERED**, this 28th day of March, 2006.

s/   Hugh Lawson
HUGH LAWSON, JUDGE

lnb

3